352 P.2d 225

Daisy ROWLEY, Plaintiff and Respondent,

v.

MILFORD CITY, a municipal corporation of the State of Utah, et al., Defendants and Appellants.

No. 9182.

Supreme Court of Utah.

May 20, 1960.

Sam Cline, Cline, Wilson & Cline, Milford, Pugsley, Hayes, Rampton & Watkiss, Salt Lake City, for appellants.

A. Durham Morris, Cedar City, for respondent.

HENRIOD, Justice.

Appeal from denial of defendants' motion to file supplemental answers. Affirmed in part and reversed in part. No costs awarded.

This is a taxpayers' suit seeking to set aside a sale of part of a tract of city property alleged to have been acquired by the city for park purposes. Defendants, who claim to be purchasers, have erected motel improvements thereon. The complaint urged that the sale was void for irregularity of city council procedure in attempting the sale, and for lack of authority to effect the transaction. The prayer also asked for an order that the claimants forthwith be required to remove all structures placed on the subject property

At trial's end the court indicated that he thought the sale legally could not have been accomplished except by vacating the property as a park, under Sec. 10–8–8, U.C.A. 1953, but took the matter under advisement. The city and its council thereupon built machinery to satisfy the statute by passing an ordinance and giving 30 days' notice thereof. After passing the ordinance, but before the 30 days had expired, a motion for permission to file supplementary answers setting forth such facts, as a defense to the action, was filed, but denied by the court. Petition for an interlocutory appeal followed, attacking such denial. That is the matter before us.

The complaint attacked only the legality of the claimed sale. The subsequent passage of the ordinance in this case itself did not claim, and there was no other claim of invalidation of the previous procedure. It simply purported to provide a different mechanism with which to hurdle the trans-

fer and to bypass the infirmities claimed in the complaint. Therefore it was no *answer* to the *facts* alleged in the complaint, nor *justification* for denying the relief prayed, —except that part of the prayer that sought removal of the structures *forthwith*. As to that part of the prayer, the facts alleged in the proffered supplemental answer well could prove to be an effective defense. So long as that part of the relief sought persists in the complaint, filing of the supplemental answers should be allowed, but as to the other relief prayed for, they should not be considered, and the order of the trial court should be, and it hereby is, affirmed.

We recognize that permitting supplementary pleadings is largely discretionary with the trial court.[1] We think that discretion was not abused here, except as it could result in the removal of expensive structures. This supplemental pleading, in our opinion, fairly demonstrates a substantial probability that the ensuing events may have served as a valid defense to an order of removal. The letter and spirit of the rules seem to justify the resolution of any doubt as to the removal phase of the case in favor of a presentation of evidence relating to such defense, if the prayer for that relief is not withdrawn.

CROCKETT, C. J., and WADE, Mc-DONOUGH and CALLISTER, JJ., concur.

---

1. Rule 15(d), Utah Rules of Civil Procedure; 1 Barron & Holtzoff, Fed.Prac. and Proc., Sec. 455, p. 945.